**FILED**
**Sep 10, 2019**
**02:26 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Michael Nickens, | ) | Docket No. 2018-06-2263 |
| Employee, | ) | |
| v. | ) | |
| Anitox Corp., | ) | State File No. 19179-2018 |
| Employer, | ) | |
| And | ) | |
| National Liability & Fire Ins. Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF
## (DECISION ON THE RECORD)

Michael Nickens inhaled an unknown substance while working for Anitox Corporation. Anitox briefly accepted the claim but later denied it. While the claim was accepted, Mr. Nickens used a prescription card to pay for medication. He seeks an order that Anitox reauthorize the card. Anitox opposes the request on grounds that the treating physician has not prescribed any medication necessary to treat Mr. Nickens's pulmonary and heart conditions. The Court agrees and denies the requested relief.

### Claim History

Mr. Nickens's petition for benefit determination alleged exposure to a "toxic substance" at work on December 11, 2017. Anitox denied the claim on February 5, 2018.

At a scheduling hearing in May 2019, the parties informed the Court that Mr. Nickens treated on his own and reached maximum medical improvement in the fall of 2018. The Court set discovery deadlines in anticipation of scheduling a compensation hearing.

Mr. Nickens filed a motion for medical benefits in July seeking reauthorization of

1

the prescription card and attorney fees.[1] The Court construed the motion as a request for expedited hearing and ordered Mr. Nickens to complete an affidavit, set a deadline for Anitox to respond to the requested relief, and clarified that the sole issue is Mr. Nickens's entitlement to the prescription card.

After the hearing, Mr. Nickens filed an affidavit stating:

At some point in time, I was provided a prescription card from the workers' compensation insurer to use in order to fill my medications needed to treat and manage the symptoms arising from this injury. That card was recently declined by the pharmacist and I was informed that the card was no longer active. I am seeking further medical benefits and to have the prescription card reactivated.

Other than his affidavit, Mr. Nickens submitted no medical proof or other evidence supporting his entitlement to the requested relief. Among its objections, Anitox argued there was no "outstanding prescription that is necessary" relating to his pulmonary or cardiac conditions.

## Findings of Fact and Conclusions of Law

Mr. Nickens must show at an expedited hearing that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The parties' evidence and arguments focused largely on whether Mr. Nickens's heart failure and stroke were work-related. However, judicial economy dictates that the Court need not decide that question at this point, using the relaxed standard described above, because Mr. Nickens did not meet his burden regarding his requested relief.

Tennessee Code Annotated section 50-6-204(a)(1)(A) requires employers to provide injured employees medication made reasonably necessary by the work accident. Here, Mr. Nickens presented detailed expert opinions on medical causation, but he offered vague information about the medical necessity of his requested relief – reissuance of the prescription card. His affidavit mentioned "medications needed to treat and manage the symptoms arising from this injury." However, Mr. Nickens offered no evidence, medical or lay, identifying the medicine he was prescribed, who prescribed it, and why it was reasonably necessary to treat his alleged injuries.

For these reasons, the Court holds he is unlikely to prevail at a hearing on the

---

[1] Mr. Nickens agreed to reserve the attorney fee request until the compensation hearing.

merits on his entitlement to the prescription card and denies the request at this time. The Court will address medical causation after the compensation hearing.

**It is ORDERED.**

**ENTERED September 10, 2019.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

The Court considered the following documents:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Scheduling Hearing
4. Order on Scheduling Hearing
5. Motion to Compel Medical Benefits
   a. Progress notes, Dr. Sevin, November 1, 2018
   b. Forms C-30A, C-32, Dr. Sevin, May 9, 2019
   c. Dr. Sevin's response to causation letter, May 9, 2019
   d. Medical opinion statement of Dr. Sevin (supplement to C-32)
   e. Dr. Sevin's CV
6. Response to Motion to Compel Medical Benefits
   a. C-20, First Report of Injury
   b. First Report of Injury
   c. Notice of Denial of Claim
   d. Notice of Denial
7. Defendants' Response to Plaintiff's First Requests for Admission
8. Medical opinion statement of David Slosky, M.D.
9. Motion to Compel Discovery
10. Order on Motion to Compel Medical Benefits and Setting the Case for an Expedited Hearing/Decision on the Record
11. Affidavit of Michael Nickens
12. Response Brief to Employee's Motion to Compel Benefits
    a. Rule 72 Statement of Jacqueline Hannigan and payment log
    b. Excerpt from Mr. Nickens's deposition transcript
    c. Progress notes, Dr. Sevin, November 1, 2018
    d. Progress notes, Drs. Reagan/Tuchman, December 27, 2017

3

e. Progress notes, Dr. Slosky, April 26, 2018
f. Progress notes, Ms. Pierce, April 5, 2018
g. Progress notes, Ms. Lord, March 27, 2018
h. Records review of Patient Michael Nickens, Dr. Kreth
i. Report, Dr. Milstone
13. Employee's Notice of Objection
14. Employer's Response to Employee's Objection to Medical Statements
15. Docketing Notice

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on September 10, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Michael Fisher, Employee's attorney | | | X | michael@rockylawfirm.com |
| Allen Callison, Employer's attorney | | | X | Allen.callison@mgclaw.com |

PENNY SHRUM, COURT CLERK
WC.CourtClerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

**Appellee(s)**

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

**CERTIFICATE OF SERVICE**

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $_____ per month    Medical/Dental   $_____ per month

| | | | | | |
|---|---|---|---|---|---|
| Groceries | $_____ per month | | Telephone | $_____ per month |
| Electricity | $_____ per month | | School Supplies | $_____ per month |
| Water | $_____ per month | | Clothing | $_____ per month |
| Gas | $_____ per month | | Child Care | $_____ per month |
| Transportation | $_____ per month | | Child Support | $_____ per month |
| Car | $_____ per month | | | |
| Other | $_____ per month (describe: _____ ) | | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $_____ | (FMV) _____ |
| Checking/Savings Acct. | $_____ | |
| House | $_____ | (FMV) _____ |
| Other | $_____ | Describe:_____ |

11. My debts are:

Amount Owed                   To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                              RDA 11082